UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMY SWARTOUT,

        Plaintiff,                           Hon. Phillip J. Green

v.

                                                Case No. 1:22-cv-556

COMMISSIONER OF
SOCIAL SECURITY,

        Defendant.

_____/

## **OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed.

## **STANDARD OF REVIEW**

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 41 years of age on her alleged disability onset date. (PageID.52, 60). She completed high school and worked previously as a cashier and laborer. (PageID.60). Plaintiff applied for benefits on April 13, 2020, alleging that she had been disabled since June 15, 2015, due to scoliosis, arthritis, degenerative disc disease, right leg pain and numbness, migraines, and "right shoulder." (PageID.52, 252). Plaintiff's application was denied, after which time she requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Lawrence Blatnik, in an opinion dated June 8, 2021, determined that Plaintiff did not qualify for disability benefits. (PageID.52-99). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. (PageID.38-42). Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an

exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden to demonstrate she is entitled to disability benefits and she satisfies such by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A).  While the burden of proof shifts to the Commissioner at step five of the sequential process, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functioning capacity (RFC) is determined.  *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff suffers from: (1) degenerative disc disease and scoliosis of the lumbar spine; (2) osteoarthritis of the lumbar spine and right shoulder status-post right shoulder rotator cuff tear; (3) migraine headaches; and (4) obesity, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1.  (PageID.54-55).

With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the ability to perform light work subject to the following limitations: (1) she can lift, carry, push, and pull 20 pounds occasionally and 10

pounds frequently; (2) in an 8-hour workday, she can sit, stand, and walk for 6 hours each but must be able to change position every 30-45 minutes for 5-10 minutes while remaining on task; (3) she can frequently, but not constantly, push, pull, use hand controls, and reach in all directions with her right dominant upper extremity; (4) she can frequently, but not constantly, handle and finger with her right dominant hand; and (5) she is limited to only occasional climbing of ladders, ropes, or scaffolds, and frequent climbing of ramps and stairs. (PageID.55).

The ALJ found that Plaintiff was unable to perform her past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that there exists in the national economy a significant number of specific jobs which Plaintiff can perform, her limitations notwithstanding. *O'Neal*, 799 Fed. Appx. at 316. In satisfying this burden, the ALJ may rely on a vocational expert's testimony. *Ibid*.

In this case, a vocational expert testified that there existed approximately 140,000 jobs in the national economy which an individual with Plaintiff's RFC could perform, such limitations notwithstanding. (PageID.89-91). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

5

## I.     Plaintiff has Waived Any Claims of Error

Plaintiff has an affirmative obligation to identify and clearly articulate the basis for her claims of error. *See, e.g., Zizzo v. Commissioner of Social Security*, 2013 WL 5291663 at *8 (E.D. Mich., Sept. 19, 2013) (courts do not engage in a self-directed inquiry into the facts because "judges are not like pigs, hunting for truffles buried in" the record). It is well recognized that alleging error "in a perfunctory manner, unaccompanied by some effort at developed argumentation" constitutes waiver of such claim. *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2014); *see also*, *Moore v. Commissioner of Social Security*, 573 Fed. Appx. 540, 543 (6th Cir., Aug. 5, 2014) (citing *Stewart* with approval to find an undeveloped argument waived).

In her statement of errors, Plaintiff asserts that the Commissioner's decision "is fatally defective because no findings were based on a preponderance of the evidence," as required. (ECF No. 14, PageID.724). Several pages later, Plaintiff reiterates that the issue presented by her appeal is "whether the decision is fatally defective because no findings were based upon a preponderance of the evidence." (ECF No. 14, PageID.728).

Nowhere in her pleadings, however, does Plaintiff identify any finding or determination by the ALJ which is allegedly not supported by substantial evidence. Instead, Plaintiff simply asserts, in conclusory fashion devoid of argument, that the ALJ failed to comply with 20 C.F.R. § 416.1453. This regulation provides, in relevant part, that the ALJ "shall issue a written decision which gives the findings of

6

fact and the reasons for the decision. The [ALJ] must base the decision on the preponderance of the evidence offered at the hearing or otherwise included in the record." 20 C.F.R. § 416.1453(a).

A review of the ALJ's decision reveals that he complied with this requirement. The ALJ analyzed Plaintiff's claim via the five-step sequential process identified above. The ALJ based his decision on the evidence of record, identified his factual findings, and articulated his assessment of the evidence and the rationale for his conclusions. In sum, the ALJ complied with the cited regulation and Plaintiff has failed to identify any error in the ALJ's decision or any portion thereof that is not supported by substantial evidence. Accordingly, to the extent Plaintiff argues that the ALJ failed to comply with 20 C.F.R. § 416.1453(a), such argument is rejected. The Court finds that any other arguments or claims of error have been waived by Plaintiff's failure to identify and articulate such.

## CONCLUSION

For the reasons articulated herein, the Court concludes that the ALJ's decision is supported by substantial evidence. Accordingly, the Commissioner's decision is affirmed. A judgment consistent with this opinion will enter.

Dated: February 21, 2023 /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge

7